**NIGERIA NATIONAL PETROLEUM CORPORATION, et al.,**
**Plaintiffs,**

v.

**S/V SEABULK MERLIN,**
**et al., Defendants.**

**No. 02–61440–CIV.**

United States District Court,
S.D. Florida,
Miami Division.

Feb. 16, 2005.

---

**23.** T. 1:45 (Alvarez); T. 1:46 (Zamudio); T. 1:46 (Wurzbach); T. 1:47 (Castellano).

Andrew Robert Spector, Hyman Kaplan Ganguzza Spector & Mars, Miami, Michael J. Carcich, Terry L. Stoltz, Robert J Novak, Kevin John Byron, Nicoletti Hornig Campise Sweeney, New York City, for Plaintiffs.

Beverly Dawn Eisenstadt, Marlow Connell Valerius Abrams, Adler & Newman, Coral Gables, Andrew Warren Anderson, Jerry Dean Hamilton, Houck Hamilton & Anderson, Miami, FL, for Defendants.

### ORDER ON VARIOUS MOTIONS IN LIMINE

MARTINEZ, District Judge.

THIS CAUSE came before the Court upon Defendants' Motion in Limine to Establish Nigerian Law as Governing Substantive Law on Limitation of Liability (D.E. No. 92), filed on *May 24, 2004*. The motion has been fully briefed and is ripe for adjudication. For the reasons stated more fully herein, the motion is denied.

As an affirmative defense to Plaintiffs' complaint, Defendants have plead limitation of liability pursuant to Nigerian Law and the Nigerian Merchant Shipping Act, Cap. 224, Laws of the Federation of Nigeria 1990, ("the Nigerian MSA"). Most maritime nations recognize the right of a shipowner to limit his liability. *See generally* T. Schoenbaum, *Admiralty and Maritime Law* § 15–1 (4th ed.2001) (reviewing background of limitation of liability in maritime and admiralty law). In the United States the Limitation of Shipowner's Liability Act of 1851, 46 App. U.S.C. §§ 181–189 ("U.S. Limitation Act"), permits a shipowner, in the event of a maritime incident, to limit his liability to the post-incident value of the vessel and pending freight. *See Maryland Casualty Co. v. Cushing*, 347 U.S. 409, 74 S.Ct. 608, 98 L.Ed. 806 (1954). In contrast, under the Nigerian MSA the value of the limitation fund is not based on the value of the vessel and pending freight, but rather is tied to a rate per ton method based on the gross tonnage of the vessel. Specifically, Nigerian law permits the shipowner to limit liability for property damage to the amount of N47.39 (Forty-seven Naira, Thirty-nine Kobo) per ton, or approximately 35.82¢ per ton. Aff. of R. Olaopa, ¶¶ 8, 12. According to the parties' charter agreement, the S/V Seabulk Merlin had a gross tonnage of 742 tons. (D.E. No. 49, Ex. A, at Sec. 1, Art. 1). Therefore, if the Court were to limit Defendants' liability pursuant to the Nigerian MSA, the limitation fund would be approximately $265.78.[1]

In *Oceanic Steam Navigation Co. v. Mellor (The Titanic)*, the United States Supreme Court held foreign shipowners seeking to limit liability are bound by the limitation amount under American law, regardless of whether the law creating the underlying liability was American law. 233 U.S. 718, 34 S.Ct. 754, 58 L.Ed. 1171 (1914). As applied to this case, *The Titanic* dictates the U.S. limitation act would determine the amount of the limitation fund at issue, not the Nigerian MSA, regardless of whether liability for Plaintiffs' alleged injuries is governed by American or Nigerian law.

(D.E. No. 1, ¶ 38).

---

1. In this case, Plaintiffs allege they have suffered damages in excess of $4.5 million.

Subsequently, in *Black Diamond S.S. Corp. v. Robert Stewart & Sons (The Norwalk)*, the Supreme Court held if liability for a maritime casualty is determined under foreign law, then the shipowner may limit liability pursuant to foreign law, provided that under foreign law the limitation of liability is a matter of substantive law, not procedural law. 336 U.S. 386, 69 S.Ct. 622, 93 L.Ed. 754 (1949). As applied to the facts of this case, *The Norwalk* requires if liability is determined under Nigerian law, then Defendants may limit their liability under the Nigerian MSA, provided that under Nigerian law the Nigerian MSA is a matter of substantive law. At this juncture, the Court need not decide whether liability is determined under Nigerian law, because the Nigerian MSA is a matter of procedural law, not substantive law. *See In re Karim v. Finch Shipping Co., Ltd.*, 265 F.3d 258 (5th Cir.2001) (holding *The Norwalk* imposes two conditions for applying foreign limitation law, both of which must be met or else American limitation law will apply, as set forth in *The Titanic* ).

Thus, the parties have raised an issue which requires the Court to determine the law of a foreign country. Specifically, the Court must determine whether the Nigerian MSA is substantive or procedural under Nigerian law. Rule 44.1 of the Federal Rules of Civil Procedure states in relevant part:

> The court, in determining foreign law may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination shall be treated as a ruling on a question of law.

Here, the parties have submitted affidavits from Nigerian attorneys for the Court to consider. In support of their respective positions, Defendants have submitted the affidavit of Remilekun Olaopa ("Olaopa"), while Plaintiffs have submitted the affidavit of Adedolapo Akinrele ("Akinrele"). The Court will first consider Olaopa's affidavit, then Akinrele's affidavit.

In her affidavit, Olaopa states she is a Nigerian attorney who has been practicing law for fourteen years and "among [her] specialties are general law, contract law and commercial law." Aff. of R. Olaopa, ¶ 1. While Olaopa does not profess to specialize in maritime law, she nonetheless states the right of a shipowner to limit its liability is a matter of substantive law under Nigerian law. *Id.* at ¶¶ 7, 8, 10, and 11. Olaopa bases this conclusion upon the plain language of the Nigerian MSA, the Ports Act, Cap. 361, LFN 1990, and the following cases, which have been filed with the Court as attachments to her affidavit: *Axis, Owner of M.S. Dragon II v. Tidex (Nigeria) Limited, Owner of the M.V. "Red River" and Santa Fe (Nigeria) Development Co., Ltd.*, 397 Nigerian Commercial Law Reports, 1972, (High Court of Lagos, 1972) (hereinafter referred to as "*The Red River*"); *Spliethoff's Bevrachtingskantoor B.V. (Owners of the M/V "Leliegracht") v. The Attorney General of Federation (Sued on behalf of (a) The Inspector General of Police and (b) The Nigerian Navy), Board of Customs & Excise, Rivers State Broadcasting Corp., and Rivers State Newspapers Corp.*, Vol. 3 (1987–1990) Nigerian Shipping Cases 372 (Federal High Court, Port Harcourt, 1988) (hereinafter referred to as "*The Leliegracht*"); and *San Lorenzo Seatrade Corp. (Owners of M/V "Allegra") v. Nigerian Ports Plc, Owners of M/V "Bode Thomas," M/V "Bode Thomas," Owners of M/V "Shasha Borodulin," and M/V "Shasha Bordodulin,"* Vol. 5 (1993–1995) Nigerian Shipping Cases 250 (Federal High Court, Lagos, 1994) (hereinafter referred to as "*The Allegra* "). *Id.* ¶¶ at 7, 8, and 11. While Olaopa cites to these sources, there is no discussion or analysis to show how

she reached her conclusion that limitation of liability is procedural and substantive under Nigerian law.

In opposition to Defendants' motion, Plaintiffs have provided the affidavit of Akinrele, a Nigerian barrister and solicitor who has been practicing law for more than seventeen years. Aff. of A. Akinrele, ¶ 3. Akinrele states he has "extensive experience in maritime law and litigation at trial and appellate levels covering various areas of maritime law including review and interpretation of contracts for the carriage of goods by sea, prosecuting and defending maritime claims, arrest and release of vessels and cargo, shipbrokering advisory and even sale and auction of vessels." *Id.* at ¶ 6. Akinrele also states the Nigerian MSA is based on the British Shipping Act of 1894 ("the British Act") and that both the Nigerian MSA and the British Act are based on the International Convention Relating to the Limitation of the Liability of Seagoing Ships of 1957 ("the 1957 Convention"). *Id.* at ¶¶ 12 and 13. While this background is helpful to the Court, Akinrele does not definitively state whether the Nigerian MSA is substantive or procedural.

In sum, both affidavits leave something to be desired. Olaopa's affidavit simply states a conclusion and does not provide any explanation or analysis; this causes concern, particularly in light of her stated expertise, which does not include maritime law. Akinrele's affidavit shows he is an experienced attorney with an expertise in maritime law, which is illustrated by his discussion of the background of the Nigerian MSA. Unfortunately, Akinrele never answers the primary legal question: Is limitation of liability substantive or procedural under Nigerian law?

Generally, in the American legal system substantive law is defined as "[t]he part of the law that creates, defines, and regulates the rights, duties, and powers of the parties," while procedural law is defined as "[t]he rules that prescribe the steps for having a right or duty judicially enforced, as opposed to the law that defines the specific rights or duties themselves." BLACK'S LAW DICTIONARY 1443, 1221 (7th ed.1999). Alternatively, the distinction may be stated as follows:

> So far as the administration of justice is concerned with the application of remedies to violated rights, we may say that the substantive law defines the remedy and the right, while the law of procedure defines the modes and conditions of the application of the one to the other.

*Id.* at 1443 (citing John Salmond, *Jurisprudence* 476 (Glanville L. Williams ed., 10th ed.1947)). In the context of maritime limitation of liability, the Supreme Court has held if the foreign limitation "attaches to the right" to recover, then it is substantive and should apply; however, if the foreign limitation "merely provides procedural machinery" to consolidate claims into one proceeding and to apportion a limited fund, then the forum law should apply. *The Norwalk,* 336 U.S. at 395–96, 69 S.Ct. 622.

Considering the plain language of the Nigeria limitation act, it appears to be procedural law. This conclusion is supported by Akinrele's affidavit, in which he states the Nigerian MSA was based upon the British Act and the 1957 Convention.[2] Aff. of A. Akinrele, ¶¶ 12 and 13. As for the British Act, English courts have held the English limitation law is "not substantive," because "a shipowner's right to limit does not attach to or qualify the claimant's

---

**2.** Defendants agree the Nigerian MSA is based upon British law. (D.E. No. 92, at 19– 20).

claim, but operates to limit the extent to which an unqualified right can be enforced against the limitation fund." *The Happy Fellow*, [1997] 1 Lloyd's L. Rep. 130, 135–36 (Q.B.1996), *aff'd*, [1996] 1 Lloyd's L. Rep. 13 (Ct.App.1997). *Accord Caltex Singapore Pte. Ltd. v. BP Shipping Ltd.*, [1996] 1 Lloyd's L. Rep. 286, 293–94 (Q.B. 1995) (holding right to limitation under Singapore law, which is also based upon British law, is procedural, not substantive). As for the 1957 Convention, other United States district courts have held the 1957 Convention as adopted by Spain and Canada are procedural, not substantive. *See In re Compania Gijonesa De Navegacion, S.A.*, 590 F.Supp. 241, 244–45 (S.D.N.Y. 1984) (Spanish law) and *In re Bethlehem Steel Corp.*, 435 F.Supp. 944, 948 (N.D.Ohio 1976), *aff'd* 631 F.2d 441 (6th Cir.1980) (Canadian law). Therefore, the plain language of the Nigerian MSA demonstrates that under Nigerian law limitation of liability is a matter of procedural law, not substantive law.

Next, the Court will consider the Nigerian cases provided to the Court.[3] In *The Leliegracht*, the plaintiff's ship collided with a police jetty on its way to the berth. As a result of the collision, the jetty and several boats, which belonged to the defendants, were damaged. *Spliethoff's Bevrachtingskantoor B.V. (Owners of the M/V "Leliegracht") v. The Attorney General of Federation (Sued on behalf of (a) The Inspector General of Police and (b) The Nigerian Navy), Board of Customs & Excise, Rivers State Broadcasting Corp., and Rivers State Newspapers Corp.*, Vol. 3 (1987–1990) Nigerian Shipping Cases 372 (Federal High Court, Port Harcourt, 1988). The plaintiff negotiated with the defendants and paid them N499,377.52 in full settlement of the various claims. Then, after plaintiff settled the claims and paid defendants, the plaintiff filed suit against defendants seeking to limit plaintiff's liability and essentially have defendants refund the money over and above what the Nigerian MSA would have required plaintiff to pay. Ultimately, the *Leliegracht* court dismissed the case, because it found the plaintiff had voluntarily settled and paid the defendants' claims. In so doing, the *Leliegracht* court held:

> Limitation of liability is obtained by proceedings instituted for that purpose. The mode of obtaining this limitation of liability is for the shipowner to pay the statutory amount into court, in an action in which he asks for a decree limiting his liability to that sum. The various claims are then ascertained and the fund is distributed rateably. A shipowner must first come to court and obtain a limitation decree. Where a shipowner settles with the claimants, ... he cannot turn around and invoke the limitation provided by S. 383 of the Merchant Shipping Act, 1962.

---

3. The Court will not consider *The Red River* at length. *Axis, Owner of M.S. Dragon II v. Tidex (Nigeria) Limited. Owner of the M.V. "Red River" and Santa Fe (Nigeria) Development Co., Ltd.*, 397 Nigerian Commercial Law Reports, 1972, (High Court of Lagos, 1972) (attached to Aff. of R. Olaopa). In *The Red River*, plaintiff brought an action against two defendants to recover damages for defendants' negligence in towing a barge, which collided with plaintiff's vessel. According to the Nigerian MSA, limitation of liability relates only to a shipowner when maritime casualties have occurred "without his actual fault or privity." Upon review of the evidence, the *Red River* court found neither defendant could claim limitation of liability as a defenses, because the defendants were not without "actual fault or privity." *Id.* at 417. In sum. the Court finds *The Red River* case is not instructive, because the *Red River* court not only did not address the issue of whether the Nigerian MSA is substantive or procedural, but also ultimately held the Nigerian MSA was not applicable under the facts of the case.

*Id.* at 381. Accordingly, in order to limit his liability under the Nigerian MSA, the shipowner must institute a limitation proceeding, which "merely provides procedural machinery" to consolidate claims into one proceeding and to apportion a limited fund. *The Norwalk,* 336 U.S. at 395–96, 69 S.Ct. 622. Therefore, *The Leliegracht* shows that under Nigerian law the Nigerian MSA is a matter of procedural law, not substantive law.

This conclusion is supported by the materials on Nigerian admiralty jurisdiction and procedure provided in conjunction with Akinrele's affidavit. First, Section 9 of Nigeria's Admiralty Jurisdiction Decree 1991 states:

1. A person who apprehends that a claim for compensation under any law including the Merchant Shipping Act, that gives effect to a liability convention may be made against him by some other person, may apply to court to determine the question whether the liability of the first-mentioned person in respect of the claim may be limited under that law.

2. On an application under subsection (1) of this section, the court may, in accordance with the law referred to in that subsection–

   a. determine whether the applicant's liability may be so limited, and if so, determine the limit of the liability;

   b. order the constitution of a limitation fund for the payment of the claims in respect of which the applicant is entitled to limit his liability; and

   c. make such orders [as are] just with respect to the administration and distribution of that fund.

3. Where the court has jurisdiction under this Decree in respect of a proceeding, that jurisdiction shall extend to entering a [defense] in the proceeding by way of limitation of liability under gives effect to the provisions of a liability convention. Admiralty Jurisdiction Decree 1991, § 9 (Supplement to official *Gazette* Extraordinary No. 75, Vol. 78, 31st December 1991– Part A) (attached to Aff. of A. Akinrele).

Second, the procedural rules for adjudication of Nigerian maritime claims require that in limitation proceedings, the applicant in limitation "shall not apply … to have the proceeding set down for hearing or … for judgment in default of appearance, unless at least one of the person[s] named as [a respondent] in the writ has been served with the writ." Admiralty Jurisdiction Procedure Rules 1993, Order XIII (Supplement to official *Gazette* Extraordinary No. 28, Vol. 80 1st September 1993–Part B) (attached to Aff. of A. Akinrele). Further, the Nigerian procedural rules provide when the court determines the liability of the applicant may be limited and to what extent, the court must advertise its determination to members of the specified class of persons subject to the applicant's writ, unless the court is satisfied all persons included within the class of persons concerned have been served with the writ. *Id.* Therefore, both the Admiralty Jurisdiction Decree 1991 and the Admiralty Jurisdiction Procedure Rules 1993 support the conclusion that limitation proceedings are a procedural mechanism to consolidate claims and apportion a limited fund. *The Norwalk,* 336 U.S. at 395–96, 69 S.Ct. 622.

*The Allegra* provides an illustration of a limitation proceeding brought pursuant to the Nigerian MSA and Section 9 of the Admiralty Jurisdiction Decree 1991. *San Lorenzo Seatrade Corp. (Owners of M/V "Allegra") v. Nigerian Ports Plc, Owners of M/V "Bode Thomas," M/V "Bode Thomas," Owners of M/V "Shasha Borodulin," and M/V "Shasha Bordodulin,"* Vol. 5

(1993–1995) Nigerian Shipping Cases 250 (Federal High Court, Lagos, 1994). In *The Allegra,* the plaintiff moved for an order stating plaintiff's liability for a maritime incident, if any, would be limited to an amount calculated pursuant to the Nigerian MSA, which would be paid to the court for a limitation fund to be distributed rateably between defendants and/or such other claimants as may claim to be entitled to monies from the fund. Upon consideration of the evidence, the *Allegra* court held the maritime casualty occurred without actual fault or privity of the plaintiff, and therefore, plaintiff was entitled to an order limiting his liability pursuant·to the Nigerian MSA. *Id.* at 265. Accordingly, *The Allegra* supports the conclusion that under Nigerian law the Nigerian MSA is a matter of procedural law, not substantive law.

In sum, upon careful review of the affidavits and foreign legal materials provided to the Court, the Court finds under Nigerian law the limitation of liability pursuant to the Nigerian MSA is a matter of procedural law, not substantive law. As a result, Defendants' Motion in Limine to Establish Nigerian Law as Governing Substantive Law on Limitation of Liability is denied. Because limitation of liability pursuant to the Nigerian MSA is a matter of procedural law, the Court will apply the U.S. limitation act, 46 App. U.S.C. §§ 181–189. *The Norwalk,* 336 U.S. at 395–96, 69 S.Ct. 622. It is hereby:

**ORDERED AND ADJUDGED** that

1. Defendants' Motion in Limine to Establish Nigerian Law as Governing Substantive Law on Limitation of Liability (**D.E. No. 92**) is DENIED.

2. Defendants' Motion in Limine: 1) To Exclude Pipeline Pressure Graphs and Pipeline Data Printout (Bates Numbers N002334–N002368) Which Form the Basis of Captain Allan Cumming's Rebuttal Expert Report; 2) To Exclude Captain Allan Cumming's Rebuttal Expert Report; and 3) To Impose Attorney's Fees and Costs as Sanctions Pursuant to Federal Rule of Civil Procedure 37 (**D.E. Nos. 131–1, 131–2, and 131–3**), filed on *October 1, 2004,* is DENIED.

3. Plaintiffs' Motion in Limine to Strike Certain Defense Witnesses (**D.E. No. 133**), filed on *October 4, 2004,* is DENIED without prejudice to renew at the calendar call.

4. Defendants' Motion in Limine to Exclude Plaintiffs' Expert Witness and Expert Witness Reports (**D.E. No. 137**), filed on *October 5, 2004,* is DENIED without prejudice to renew at the trial of this matter.